UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

                Plaintiff,                CRIMINAL NO. 09- 20516

v.

                                     HON. GEORGE CARAM STEEH

JUAN PEREZ,

                Defendant.
                                   /

## GOVERNMENT'S SENTENCING MEMORANDUM

Now comes United States Attorneys Office by and through United States Attorney Barbara L. McQuade and John N. O'Brien II, and Kevin M. Mulcahy Assistant United States Attorneys, and in support of the recommendation for sentence, submits the following memorandum:

**I**

## FACTUAL AND PROCEDURAL HISTORY

In April 2009, Defendant Juan Perez, age 32 and living in New Jersey, began communicating with a 14 year-old girl, A.M., via the internet through an X-Box video game system that allows individuals to play games together or against each other and communicate verbally at the same time. Later conversations also occurred via cell phone and computer. Perez developed a friendship with the 14 year-old during which he discussed and encouraged a romantic and sexual relationship.

1

In late July 2009, Perez traveled from Newark to Brighton, Michigan for the purpose of meeting and further developing the relationship that he had established with the girl. At the time of his travel, he intended to engage in a sexual relationship with A.M. Perez rented a hotel room in the Brighton area and, following a shopping trip at a local department store, they went to the hotel and engaged in sexual conduct including oral sex and intercourse.

After A.M. told her parents about the relationship, and law enforcement officers were notified, Perez was arrested. On October 21, 2009, Defendant Perez was charged in a two-count indictment with (1) online enticement of a minor, in violation of 18 U.S.C. § 2422(b); and (2) traveling in interstate commerce with intent to engage in prohibited sexual conduct, in violation of 18 U.S.C. § 2423(b). Perez pleaded guilty to count two as part of a negotiated plea agreement that allowed him to avoid the mandatory 10 year prison sentenced called for in count one. The Rule 11 plea agreement contemplated a sentencing guideline range of 87-108 months based on U.S.S.G. § 1B1.2, which allows the guidelines for count one to apply to both counts as the factual basis provided by the defendant at the time of the plea satisfied both. The United State Probation Department calculated the same sentencing guideline range.

## II
## SENTENCING GUIDELINE CALCULATIONS AND RELEVANT 3553(a) FACTORS

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy

statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. The most relevant factors are evaluated below, beginning with #4, the sentencing guidelines.

      A.      The Advisory Guideline Range

In *United States v. Rita*, 551 U.S. 338 (2007), the Supreme Court restated that the goals of the United States Sentencing Commission in formulating the Sentencing Guidelines are to carry out the objectives of 18 U.S.C. § 3553(a). Despite their being advisory, rather than mandatory, the Guidelines remain an important factor in fashioning a just sentence. As the Supreme Court stated in *Rita*, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 345.

In *United States v. Vonner,* 516 F.3d 382, 389 (6th Cir. 2008), the Court in analyzing the holding in *Rita*, recognized that the guidelines represent the Sentencing Commission's attempt to reconcile the factors under § 3553(a), that these factors seek to balance Congress' competing interests in consistency and that a confluence between the national views of the sentencing commission and the independent views of a sentencing judge results in a "double determination" which significantly increases the likelihood that a sentence is reasonable.

In *United States v. Gall*, 128 S. Ct. 586, 601 (2007), the United States Supreme Court provided a template for sentencing proceedings in the district court. The Court held that a district court should begin sentencing proceedings by correctly calculating the applicable guidelines. *Id.* at 596.

3

Here, there is no dispute that the sentencing guidelines range is 87-108 months in custody. That range incorporates a significant break already given to defendant by the Rule 11 agreement. That is, because the government agreed to dismiss count one of the indictment as part of the plea agreement, Perez no longer faces the statutory mandatory minimum ten years in prison. That guideline range, for the reasons stated below, provides a sufficient but not greater than necessary term of imprisonment for Perez.

      B.      <u>Nature and Circumstances of the Offense, and
the History and Characteristics of the Offender, 18 U.S.C. § 3553(a)(1)</u>

<u>Nature of the Offense</u>

The defendant's conduct over the period of several months, the goal of his conduct, and the online relationship that he developed with the victim in this case, as more fully detailed below, provide a complete picture of the circumstances of the offense.

Defendant met A.W. online when she was just 14 years of age. His conversations with her, both online and via the telephone, focused on his interest in developing an inappropriate, and more importantly illegal, relationship. He cultivated a long-distance relationship that ultimately allowed him to arrange an in-person meeting with A.W. Perez traveled a great distance, took A.W. away from her family for a night, and ultimately had illegal sexual activity with the girl.

Perez knew that his relationship with A.W. was improper. He never undertook any proactive steps to involve himself with her family or to discontinue the relationship with a 14 year-old once he learned her age. A.W. did not discontinue the conversations when Perez turned the topic to sex which provided incentive for Perez to create the opportunity to pursue the sexual relationship with her that he clearly was interested in.

Characteristics of the Offender

  Juan Perez has led a relatively unremarkable life.  He has no criminal history nor is the government aware of any specific achievements or successes.  To the government's knowledge, there has been no psychological evaluation of the defendant nor does the pre-sentence report suggest any psychological illness.  He has no substance abuse history.  Mr. Perez's individual characteristics do not suggest that a sentence outside of the guideline range is appropriate.

  The characteristics of this offense and the nature of the offender favor a sentence within the range.

  C. Seriousness of the Offense, Promoting Respect for Law,
    and Providing Just Punishment, 18 USC § 3553(a)(2)(A)

  As to the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, all of these factors favor a sentence at the high end of the  guideline range..

  The minimum punishment for all offenders who are convicted of 18 U.S.C. § 2422(b) is 10 years.  The United States considered the relative characteristics when the decision was made to permit the defendant to plead guilty to the charge that would allow the court to fashion a sentence within the 87 to 108 month range.  A sentence within the range would appropriately recognize Perez's culpability and provide just punishment for the totality of his conduct.

  A.W.'s parent's letter to the court provides evidence of both  the seriousness of the offense and its continuing aftermath in cases of this type.  It is concise but speaks volumes of the effect of the crime, its seriousness, and the impact on a teenaged girl.

Given all of the facts and circumstances related to the defendant's conduct of conviction, including the break Perez has already received, a sentence within the guidelines range is appropriate to promote respect for the law and provide just punishment.

D.      Deterrence; 18 USC §3553(a)(2)(B)

All of the above considerations also impact another consideration of § 3553(a)(2)(B), the need to deter such conduct by others.

Sentencing in the federal system has long contemplated the ability to provide both specific and general deterrence. *United States v. Phinazee*, 515 F.3d 511 (6th Cir. 2008) (citing *United States v. Turner,* 173 Fed. Appx. 402 (6th Cir. 2006)); *see also United States v. Blackwell,* 459 F.3d 739, 774 (6th Cir. 2006) (affirming a defendant's sentence where the district court in its §3553 analysis stated that it doubted the defendant would ever engage in the conduct again, but that a primary sentencing factor was the need "to deter other similarly situated" individuals from engaging in the conduct).

The conduct engaged in by defendant Perez is both calculated and dangerous to minors. A guideline sentence will serve as strong deterrence to others who consider committing these offenses and who contemplate engaging in conduct directed at the exploitation of children, even under the guise of just wanting to find a "girlfriend."

E.      Vocational Care, Medical Care, Counseling; 18 U.S.C. §3553(a)(2)(D)

A final consideration is that the sentence should provide the most appropriate forms of medical care, counseling, and correctional treatment to Defendant Perez. While incarcerated, Defendant Perez may benefit from the psychological treatment or counseling that can be made available through the prison system. As he has been incarcerated since his arrest, there is no

interruption of any other counseling or therapy. A period of confinement within the guideline range will guarantee the availability of a period of counseling for the defendant, for the additional good it may do.

### III

### CONCLUSION/GOVERNMENT RECOMMENDATION

While the United States certainly recognizes the ability and responsibility of the Court to fashion a sentence within, or perhaps even outside of, a particular sentencing guidelines range, Defendant Perez and his conduct suggest that the guidelines range here is the appropriate sentence.

The United States requests that this Court impose a sentence within the 87 to 108 month range calculated by the parties, and specifically recommends that the sentence be followed by at least 5 years of supervised release.

>                               Respectfully submitted,
>
>                               BARBARA L. MCQUADE
>                               United States Attorney
>
>                               john.obrien@usdoj.gov
>                               JOHN N. O'BRIEN II P39912
>                               KEVIN M. MULCAHY
>                               Assistant United States Attorneys
>                               Eastern District of Michigan
>                               211 West Fort Street
>                               Detroit, MI  48226
>                               (313) 226-9715

March 26, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Richard Helfrick, Esq.

s/John N. O'Brien II
John N. O'Brien II
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226-3220
(313) 226-9715
Email: john.obrien@usdoj.gov
P39912